### JOHNSON v. GRAPENTIEN.

VENDOR AND PURCHASER—ASSIGNMENTS—CONSENT OF LANDLORD AND
LICENSOR—WAIVER.

> Waiver of defendant vendors' obligation to obtain written consent
> of landlord to assignment of lease and of ice cream confection
> licensor to assignment of license *held*, established in purchasers'
> suit for rescission by written agreements entered into at time
> closing arrangements were effected, such obligation as to as-
> signments being deferred until balance of purchase price of the
> business was paid in full.

Appeal from Wayne; Baum (Victor J.), J. Sub-
mitted June 3, 1959. (Docket No. 16, Calendar No.
48,130.) Decided October 13, 1959.

Bill by Fred Johnson and F. L. Reams, doing
business as Reams and Johnson Dairy Queen, against
Frank Grapentien and Elizabeth Grapentien for re-
scission of contract as to purchase of business. Bill
dismissed. Plaintiffs appeal. Affirmed.

*John L. Potter,* for plaintiffs.

*McClintock, Fulton, Donovan & Waterman*
(*Thomas A. Roach,* of counsel), for defendants.

BLACK, J. Defendants, occupying leased premises
for the purpose, were engaged prior to March 20,

---

REFERENCES FOR POINTS IN HEADNOTES

32 Am Jur, Landlord and Tenant § 341; 33 Am Jur, Licenses § 6.
Waiver by lessor of failure to comply with conditions of lease
as to manner or terms of assignment by lessee. 42 ALR 1108.

1956 in carrying on what is known in the record as a "Dairy Queen business." The business was one of retail sale of an ice cream confection which is manufactured by patented machinery and sold by authorized retailers under license. On the given date certain written agreements (pursuing in general but not in all particulars a previous preliminary agreement) were entered into between plaintiffs as purchasers and defendants as sellers, whereby defendants agreed for executory consideration to transfer their interest in the business to plaintiffs; to assign plaintiffs their interest in the business lease and the business license, and to turn over the business and leasehold forthwith to plaintiffs. In pursuance of such stipulations plaintiffs were given possession of the leasehold and undertook business. However, certain originally stipulated consents, on the part of landlord and licensor respectively, to the agreed assignment of lease and license, were never obtained. Why they were not, and whether plaintiffs later waived strict performance of defendants' original undertaking in such regard, became a cause if not the prime cause of this litigation.

Business did not pan out well. Disputes arose between the parties with respect to representations and breach. Finally, and on July 6, 1956, plaintiffs wrote a letter of rescission to defendants and commenced this suit to rescind, alleging fraud, breach of contract and failure of consideration. Issue having been joined, the matter came to hearing before the Honorable Victor J. Baum, circuit judge of the third circuit, and resulted in an opinion and decree by which it was ruled that "plaintiffs have no cause for equitable relief." From such decree plaintiffs have appealed.

The chancellor's opinion is lengthy, able and painstaking. Comparison thereof with the appendices of the parties, and of the respective briefs as re-

ceived, leads to unanimous conviction that the case was exhaustively tried and fairly decided below and that the chancellor's conclusions upon typical and decisive issues of fact, arising as such do from the chronic disputes which seem to attend the purchase and sale of small businesses, must be sustained in view of our oft-stated position respecting review of similar issues in chancery cases.

Plaintiffs insist, and this in essence is their appeal, "That there was a failure of consideration in the contract of purchase by not obtaining written consents to the assignment of the lease and franchise." However, plaintiffs were unable to persuade the chancellor, and are unable to so persuade here, that the original stipulation by defendants—to immediately obtain such consents—was not waived by subsequent agreement or agreements of the parties. The chancellor found and ruled, and we approve:

"Thus, under the preliminary agreement, the following situation obtained. The sellers were to deliver a marketable title to the business assets, including their franchise rights and leasehold rights at the time of closing. If the landlords' consent to the assignment of the lease were required by its terms, the sellers were also to obtain such consent by the time of closing. The preliminary agreement was silent concerning any consent from the licensors which the franchise agreement might require for an assignment of the licensees' interest. However, the preliminary agreement included the 'Dairy Queen franchise' among the assets for which a marketable title was to be conveyed, and this, presumably called for a valid and effective assignment of the licensees' franchise rights at the time of closing. In view of the fact that the franchise agreement required the Grapentiens to have the written approval of the licensors before making an assignment, it is fair to conclude that they were required by the preliminary agreement to deliver such written consent

at the time of closing. Thus, under the preliminary agreement, it was the Grapentiens' obligation at the time of closing to deliver assignments of both their leasehold and franchise rights accompanied by appropriate written consents in each case.    *   *   *

"Although, as we have just concluded, the preliminary agreement obligated the Grapentiens to assign their leasehold and franchise rights at the time of closing, all this was changed during the closing negotiations. On March 20, 1956, the night of the closing, the parties entered into 2 written agreements altering the Grapentiens' obligation. They are plaintiffs' exhibits 10 and 11. By these written agreements, the sellers' obligation to assign their leasehold and franchise rights was deferred until such time as the balance of the purchase price should be paid in full—which could be expected to occur many years thereafter under the payment schedule provided for in the preliminary agreement."

This case calls for no lengthy discussion. That may be found in the 81-page opinion below with which, in general, we find ourselves in agreement.

Decree affirmed. Costs to defendants.

DETHMERS, C. J., and CARR, KELLY, SMITH, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.